**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

|  |  |
|---|---|
| DEAN HIMBLER AVILES, | ) Case No. CV 19-1723-AG (JPR) |
| Petitioner, | ) |
|  | ) REPORT AND RECOMMENDATION OF U.S. |
| v. | ) MAGISTRATE JUDGE |
|  | ) |
| PEOPLE OF THE STATE OF CALIFORNIA et al., | ) |
|  | ) |
| Respondents. | ) |

This Report and Recommendation is submitted to the Honorable Andrew J. Guilford, U.S. District Judge, under 28 U.S.C. § 636 and General Order 05-07 of the U.S. District Court for the Central District of California.

**PROCEEDINGS**

On March 8, 2019, Petitioner, a federal pretrial detainee at the Metropolitan Detention Center in Los Angeles, filed a Petition for Writ of Habeas Corpus, ostensibly under "18 U.S.C. § 3060(D)" and "Penal Code § 1381.5." (Pet. at 1.) It alleges that "[t]he Los Angeles County District Attorney is . . . violat[ing]" Petitioner's right to be brought to trial in a

pending state criminal case. (Id.) Petitioner requests two alternative forms of relief: that the Court "command[]" "[t]he United States Marshals Service and John T. Lemaster, Warden" to "[p]roduce the body of petitioner before the State Court" for a preliminary hearing and trial or "[q]uash [the] outstanding warrant under Case N[o.] BA467089." (Id. at 1-2.)

On May 6, 2019, Respondent moved to dismiss the Petition on various grounds. On May 28, 2019, Petitioner opposed the motion. Respondent did not file a reply other than to lodge certain discovery documents Petitioner had requested in numerous filings.

For the reasons discussed below, the Court recommends that Respondent's motion to dismiss be granted and this action be dismissed without prejudice.

**BACKGROUND**

On March 14, 2018, Petitioner was taken into federal custody, charged with assaulting a federal officer with a deadly and dangerous weapon resulting in bodily injury. See Compl. & Aff. Supp. Compl. at 2, United States v. Aviles, No. 2:18-CR-00175-CAS-1 (C.D. Cal. Mar. 15, 2018), ECF No. 1. That case is pending, and the next court date is October 21, 2019. Id., Order Continuing Trial Date, ECF No. 48.

Meanwhile, on April 11, 2018, a "felony complaint for arrest warrant" was filed in Los Angeles County Superior Court in case number BA467089, charging Petitioner with fleeing a peace officer while driving recklessly. (See Mot. Dismiss at 4 & Ex. 1.) On April 13, 2018, the superior court issued the arrest warrant. (Id. at 4 & Ex. 2 at 1.) Because he has been in federal custody continuously from before the arrest warrant issued, it has not

been executed and Petitioner has not been arraigned on the state charges. (See id. at 8 & Ex. 3.) From September to December 2018, he sent the state prosecutors three demands to be brought to trial on the outstanding state charge. (See Pet. at 1; Ex. to Pet. at 2-4.) The District Attorney advised Petitioner that he must be at his "permanent housing before the demand letter is valid." (Ex. to Pet. at 4.)

## DISCUSSION

**I.  Petitioner Is Not "in Custody" and the Court Lacks Jurisdiction Over the Petition**

Under 28 U.S.C. § 2241, habeas corpus relief is generally available to a defendant in a state case who is being detained before trial. See Stow v. Murashige, 389 F.3d 880, 886 (9th Cir. 2004). A federal court "shall entertain an application for a writ of habeas corpus on behalf of" such a person only if "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." § 2241(c)(3). The petitioner must be in custody when the petition is filed. See Carafas v. LaVallee, 391 U.S. 234, 238 (1968). Because the custody requirement is jurisdictional, "it is the first question [the court] must consider." Bailey v. Hill, 599 F.3d 976, 978 (9th Cir. 2010) (citation omitted).

Petitioner is not in custody on any state charge, and the existence of an arrest warrant that has not been executed does not change that. See, e.g., Morris v. McKenna, No. C09-5345RBL/JRC., 2010 WL 725293, at *3 (W.D. Wash. Mar. 1, 2010) (finding habeas relief unavailable to federal prisoner claiming speedy-trial violation by state holding arrest warrant because

"the warrant represents a future possibility of being arrested" and "does not fulfill the . . . in custody [requirement]"); Bryant v. Maiorana, No. 3:14cv489/MCR/CJK., 2014 WL 5093886, at *2 (N.D. Fla. Oct. 10, 2014) ("In the absence of a detainer, the issuance of a warrant, alone, is insufficient to satisfy the 'in custody' requirement for purposes of federal habeas jurisdiction." (citation omitted)); cf. Braden v. 30th Jud. Cir. Ct., 410 U.S. 484, 488-89 & n.4 (1973) (recognizing that federal habeas petitioner may satisfy "in custody" requirement if under indictment accompanied by detainer but declining to decide whether requirement satisfied if no detainer lodged). Petitioner has not alleged, and the Court has no information showing, that a detainer has been lodged against him on the state charge. (See Pet. at 1 (referring to "bench warrant" in state case); Mot. Dismiss, Ex. 2 at 3 (showing status of state case as "arrest warrant issued in the amount of $85,000.00").)

Because Petitioner is not in custody on the state charge, his reliance on Penal Code section 1381.5 is misplaced. (See Pet at 1.) He claims Respondent has violated his right to a speedy trial under that provision by "refusing to bring [him] to preliminary hearing and trial proceedings or dismiss[] the action for want of prosecution." (Id.) But section 1381.5 applies only to "a defendant . . . convicted of a crime . . . [who] has entered upon a term of imprisonment therefor in a federal correctional institution." Petitioner has not yet been convicted of any federal crime.

Relief is unavailable even if Petitioner's claims are construed as falling under Penal Code section 1389, which

4

codifies the federal Interstate Agreement on Detainers.  <u>See</u> 18 U.S.C. app. 2 § 2.  The IAD "enables a participating State to gain custody of a prisoner incarcerated in another jurisdiction, in order to try him on criminal charges."  <u>See</u> <u>Reed v. Farley</u>, 512 U.S. 339, 341 (1994).  But the right to be brought to trial under the IAD applies only to "a person [who] has entered upon a term of imprisonment in a penal or correctional institution of a party state."  Cal. Penal Code § 1389, art. III(a).  Again, that is not Petitioner; as Respondent has repeatedly informed him, he is not yet in "permanent housing."  (Ex. to Pet. at 2-4.) Because Petitioner is a pretrial detainee who has not yet been sentenced or begun a federal term of imprisonment, much less a state one, he has no recourse under the IAD.  <u>See</u> <u>Massengill v. California</u>, No. SACV 11-0538-AHM (RNB)., 2011 WL 1842831, at *1-2 (C.D. Cal. Apr. 19, 2011) (dismissing petition claiming violation of right to be brought to trial on state charges under IAD because petitioner was federal pretrial detainee), <u>accepted by</u> 2011 WL 1869936 (C.D. Cal. May 16, 2011).

    Relief under "18 U.S.C. 3060(D)," also cited by Petitioner (Pet. at 1), is unavailable because it describes the procedure for holding a preliminary hearing in federal court and applies only there; Petitioner wants a hearing in state court.  <u>See</u> <u>Rasheed v. Harrington</u>, No. 1:08-cv-01664 YNP [DLB] (HC)., 2009 WL 3153721, at *1 (E.D. Cal. Sept. 24, 2009) (rejecting state prisoner's claim for habeas relief because "[federal criminal] law is not applicable" to him and he "cannot be in custody in violation of that law").  Thus, § 3060 provides no right to a preliminary hearing on his pending state charge.

Because Petitioner is not "in custody" on the charge he attacks, the Court lacks jurisdiction over the Petition and habeas relief is not available. See § 2241.

**II. The Petition Is Barred by Younger**

Even were Petitioner in custody for purposes of federal habeas jurisdiction, a federal court may not intervene in a pending state criminal proceeding absent extraordinary circumstances involving great and immediate danger of irreparable harm. See Younger v. Harris, 401 U.S. 37, 45-46 (1971); see also Fort Belknap Indian Cmty. v. Mazurek, 43 F.3d 428, 431 (9th Cir. 1994). "[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus" before "the case [is] concluded in the state courts." Drury v. Cox, 457 F.2d 764, 764-65 (9th Cir. 1972) (per curiam), overruled on other grounds as stated in Page v. King, __ F.3d __, No. 17-16364, 2019 WL 3520617 (9th Cir. Aug. 2, 2019).

Younger abstention is appropriate if three criteria are met: (1) the state proceedings are ongoing; (2) the proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to litigate the federal constitutional claims. See Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982). The Ninth Circuit has articulated a fourth criterion: that the requested relief would "enjoin" or "ha[ve] 'the practical effect of enjoining'" the state proceeding. Arevalo v. Hennessy, 882 F.3d 763, 765 (9th Cir. 2018) (citation omitted).

Here, all criteria for abstention are satisfied. First, as the parties agree, Petitioner's state proceedings have yet to

6

"progress past the filing of the complaint and issuance of the arrest warrant." (Mot. Dismiss at 8; see also Pet. at 1.) Thus, although Petitioner is not "in custody" on the state charge, the state proceedings are nonetheless ongoing. See, e.g., Muhammad v. Mack, No. 19-cv-160 Erie, 2019 WL 3037925, at *2 (W.D. Pa. June 11, 2019) (finding Younger abstention proper when petitioner not in custody on alleged "warrant for arrest" but criminal state prosecution nonetheless "ongoing"), accepted by 2019 WL 3037503 (W.D. Pa. July 11, 2019); Coando v. State, No. 2:04-CV-963, 2007 WL 1795758, at *1-2 (D. Utah June 20, 2007) (fugitive not "in custody" on state conviction as to which he had yet to be sentenced, and in any event Younger abstention appropriate); see also Page, 2019 WL 3520617, at *3 ("Where . . . 'no final judgment has been entered' in state court, the state court proceeding is 'plainly ongoing' for purposes of Younger" (citation omitted)); Ortiz v. Karnes, No. 2:06-cv-0562, 2006 WL 3507068, at *2 (S.D. Ohio Dec. 4, 2006) (distinguishing between "custody status" and "status of . . . ongoing prosecution"), accepted by 2007 WL 1160326 (S.D. Ohio Apr. 17, 2007).

Second, as Respondent points out, the state proceedings "implicate important state interests because [they] involve[] the prosecution of a felony charge of evading a pursuing peace officer while driving in a reckless manner." (Mot. Dismiss at 9); see also Younger, 401 U.S. at 51-52 (finding that state must be permitted to "enforce[] . . . laws against socially harmful conduct that the State believes . . . to be punishable under its laws and the Constitution"); Doran v. Salem Inn, Inc., 422 U.S. 922, 931 (1975) (states have important interest in enforcing

7

their own criminal laws).

    Third, nothing in the Petition or its attachments indicates that Petitioner would not have an adequate opportunity to raise his unexhausted constitutional claims in state proceedings. (See Mot. Dismiss at 9-10); Hirsh v. Justices of Sup. Ct., 67 F.3d 708, 713 (9th Cir. 1995) ("Judicial review is inadequate only when state procedural law bars presentation of the federal claims." (emphasis in original)). Requiring a federal petitioner to first present his constitutional challenges in state court recognizes that such courts can and will perform their responsibility to safeguard federal constitutional rights. See Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 15 (1987). Petitioner claims to have "exhausted his State Court Appellate remedies" (July 19, 2019 Notice of Lodging at 1), but he apparently never filed anything in the California Supreme Court relating to these claims. See Cal. Appellate Cts. Case Info. System, http://appellatecases.courtinfo.ca.gov/ (search for "Dean" with "Aviles" in supreme court yielding no relevant results) (last visited Aug. 7, 2019). Exhaustion requires that the claims were disposed of on the merits by the highest court of the state. Greene v. Lambert, 288 F.3d 1081, 1086 (9th Cir. 2002). Thus, Petitioner's claims remain unexhausted and he has not shown that relief is unavailable in state court.

    Moreover, to the extent Petitioner asks that the state arrest warrant be "quashed" because of delay in arresting him (see Pet. at 2), his claim is barred by Younger. See Coleman v. Ahlin, 542 F. App'x 549, 550 (9th Cir. 2013) ("Younger principles preclude the adjudication of constitutional speedy trial claims

prior to conviction when a petitioner raises 'a Speedy Trial claim as an affirmative defense to state prosecution.'" (quoting Brown v. Ahern, 676 F.3d 899, 902-03 (9th Cir. 2012)). And Petitioner has pointed to nothing "extraordinary" about the 14-month delay since the arrest warrant issued. See Wright v. Volland, 331 F. App'x 496, 497 (9th Cir. 2009) (affirming Younger dismissal of speedy-trial claim for five-year delay between petitioner being charged and his arrest because "he must wait to assert his speedy trial claim on direct appeal in the event he is convicted").

Finally, the federal-court relief Petitioner seeks (Pet. at 2) would necessarily interfere with the ongoing state proceedings. See Page, 2019 WL 3520617, at *3; Carden v. Montana, 626 F.2d 82, 83-85 (9th Cir. 1980) (finding that district court's grant of habeas petition on speedy-trial claim before state trial began was "premature" and "inconsistent with the dictates of our federal system").

Even when the Younger abstention criteria are satisfied, as they are here, a federal court may intervene when a petitioner shows "bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." Middlesex, 457 U.S. at 435. "Extraordinary circumstances" are limited to "cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction," or "where irreparable injury can be shown." Brown, 676 F.3d at 903 (citation omitted). Though the list of possible extraordinary circumstances justifying intervention has not been fully articulated, see Baffert v. Cal. Horse Racing Bd., 332 F.3d

613, 621 (9th Cir. 2003), the circumstances must create a "pressing need for immediate federal equitable relief, not merely in the sense of presenting a highly unusual factual situation," Kugler v. Helfant, 421 U.S. 117, 125 (1975).

Petitioner has not alleged bad faith or harassment by state officials, and nothing in the Petition explains why he is in immediate need of federal equitable relief or points to any circumstance that could be construed as "extraordinary." (See Pet. at 1-2); Brown, 676 F.3d at 902-03 (affirming district court's dismissal of habeas petition under Younger for failure to identify extraordinary circumstance warranting federal intervention). Thus, abstention principles prohibit the Court from granting Petitioner the relief he seeks, even if it had jurisdiction to do so.

**RECOMMENDATION**

IT THEREFORE IS RECOMMENDED that the District Judge accept this Report and Recommendation, grant Respondent's motion to dismiss, and dismiss this action.

DATED: August 13, 2019

JEAN ROSENBLUTH
U.S. MAGISTRATE JUDGE